IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH LAUFER,<br>Plaintiff,<br><br>v.<br><br>MANSI AND SANKET, INC.,<br>Defendant. | Judge J. Phil Gilbert<br><br>Case No. 20–CV–757–JPG<br><br>CJRA Track: B<br>Final Pretrial Conference: 10/6/2021 at 9:00 a.m.<br>Bench Trial: 10/18/2021 at 9:00 a.m. |

## **UNIFORM TRIAL PRACTICES & PROCEDURES**

The Uniform Trial Practices & Procedures were made in conformity with the Civil Justice Reform Act of 1990 and the Civil Justice Expenses and Delay Reduction Plan adopted by this Court. They apply to all civil cases assigned to the Hon. J. Phil Gilbert of the United States District Court for the Southern District of Illinois.

**I.    SCHEDULING PRACTICE**

Trial settings and other scheduling will vary depending on the track classification assigned to the case by Judge Gilbert at the time of filing. There are four tracks: "A," "B," "C," and "D." "A" cases are set for trial 8–10 months after the defendant's initial appearance or the default date; "B" cases 11–14 months after the defendant's initial appearance or the default date; "C" cases 15–18 months after the defendant's initial appearance or the default date; and "D" cases 19–24 months after the defendant's initial appearance or the default date.

The parties are to submit a Joint Report of Parties and Proposed Scheduling and Discovery Order using the form provided in the Local Rules **within 21 days of the entry of this filing.** The Joint Report and Proposed Scheduling and Discovery Order shall be **submitted via e-mail to** JPGpd@ilsd.uscourts.gov.

The Joint Report of Parties and Proposed Scheduling and Discovery Order must be consented to and signed by each party or an attorney of record. Whether it satisfies the requirements of SDIL-LR 16.2(a) is a matter within the Court's discretion. If adopted, the Order shall only be modified by the Court.

**The scheduling/discovery and settlement conferences will NOT be set for hearing unless requested by the parties or deemed necessary by the Court.** The purposes of these conferences are as follows:

(1) To discuss proposed modifications to Scheduling and Discovery Order;

(2) To discuss the possibility of settlement;

(3) To discuss the possibility of using alternative dispute resolution to resolve the dispute (e.g., mediation, arbitration, summary jury trial, mini-trial);

(4) To set a cut-off date for completing discovery, including experts' discovery (or in the case of extraordinarily complex cases, the cut-off date for completion of core discovery), which date shall be no later than **115 days** before the first day of the month of the presumptive trial date;

(5) To establish a plan for the management of discovery, including any limitations on the use of the various discovery devices that may be agreed to by the parties or ordered by the Court;

(6) To formulate, simplify, and narrow the issues;

(7) To discuss and set deadlines for amending pleadings, including the filing of third-party complaints, which deadline shall be no later than **90 days** following the conference;

(8) To discuss the filing of potential motions and a schedule for their disposition, including the cut-off date for filing dispositive motions;

(9)     To discuss the advisability of one or more additional case management conferences prior to the final pretrial conference; and

(10)    To cover any other procedural issues that the Court determines to be appropriate for the fair and efficient management of the litigation.

## II.    DISCLOSURES & DISCOVERY PRACTICE

Except in cases exempted under SDIL-LR 26.1, the parties shall comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a). These disclosures must be supplemented by the parties, depending on the nature of the case and any limitations placed on discovery. The disclosures and supplementation are not to be filed with the Clerk of Court.

A party may not seek discovery from another source until (1) the party seeking discovery has made its initial disclosures as required by Federal Rule of Civil Procedure 26(a); and (2) the parties have met and conferred as required by SDIL-LR 16.2(a).

Additionally, a party may not seek discovery from another party before such disclosures have been made by, or are due from, such other party. The cut-off date for all discovery, including experts and third parties, shall not be later than **115 days** prior to the first day of the month of the trial date. Disclosure of experts and discovery with reference to experts and other discovery dates will be set according to the Joint Report of the Parties following their initial meeting or at the scheduling and discovery conference before Judge Gilbert, if there is one.

## III.    MOTION PRACTICE

Motions to remand, to dismiss, for judgment on the pleadings, for summary judgment, and all post-trial motions shall be supported by a brief and filed with the Clerk of Court. Any adverse party shall have **30 days** after the service of the movant's brief in which to file and serve a response.

Briefs shall be no longer than 20 double-spaced typed pages, 12-point Times New Roman font. Reply briefs, if any, shall be filed within **14 days** of the service of a response and shall be no longer than five pages. Such briefs are not favored and should be filed only in exceptional circumstances. Under no circumstances will sur-reply briefs be accepted. If a party believes it is necessary to supplement its brief with new authority due to a change in the law or the facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief. The supplemental authority shall be filed in accordance with the supplemental authority provisions found in Federal Rule of Appellate Procedure 28(j).

For all motions other than those listed above, a supporting brief is not required. A party opposing such a motion shall have **14 days** after service to file a written response. A reply, if any, shall be filed within **7 days** of the service of the response.

Failure to file a timely response to any motion may, in the Court's discretion, be considered an admission its merits.

A party may not schedule or notice a hearing or oral argument on a pending motion. Any party desiring oral argument on a motion must file a written motion that states the reason why oral argument is requested. Any motion may be either (1) scheduled by the Court for oral argument at a specified time; (2) scheduled for determination by telephone conference call; or (3) determined upon the pleadings and the motions without the benefit of oral argument.

**MARGARET M. ROBERTIE, CLERK OF COURT**

By: */s/ Tina Gray*
**Deputy Clerk**